### W. H. McKNIGHT, ET AL. *v.* THOS. P. JACOB, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—176.]

**Irregularity in Advertisement of Sale.**

    The purchasers at a judicial sale can not complain of a defective advertisement before the sale. They are not injured by the fact that the advertisement was not more thorough and more extensive.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

June 16, 1883.

OPINION BY JUDGE HARGIS:

The supplemental pleadings authorized the amendment or change of the details of the original judgment.

It is no injury to the purchasers even if the manner of advertisement was defective, which we do not decide, for they received what they bought; and increased competition by reason of more thorough advertising could not have been any help to the purchasers or affected their rights. This case was governed by the laws in force at the time the action was instituted, the new code regulating the pleading and practice only, which has reference to the remedy and the manner of its enforcement.

The alleged error as to the infant, Eddie Jacob, being waived by the appellants, we refrain from expressing any opinion on the subject of that assignment of error. The record, with that error waived, it seems to us fails to show any fact or omission that renders the judgment void.

On appeal of the purchasers the judgment is *affirmed.*

*Temple Bodley, Byron Bacon, for appellants.*
*A. E. Willson, John B. Baskin, R. W. Woolley, for appellees.*